United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONNIE HOYT ROYSTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02989 |
| § | |
| CHARLES MILTON SILVERMAN, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

### I.

Before the Court is Harris County, Texas' and former Judge Charles Milton Silverman's joint motion to dismiss the plaintiff's, Ronnie Hoyt Royston, lawsuit [DE 2]. The plaintiff filed a response on or about September 10, 2023, that appears to have been misfiled. Nevertheless, the plaintiff's response is also before the Court [DE 10]. After a careful review of the pleadings, motion, response, reply [DE 11] and arguments, the Court determines that the defendants' motion should be granted.

### II.

The plaintiff's suit against the defendants arises out of a dispute that the plaintiff lodges against certain public officials, as evidenced by "over 150 emails [ ] consisting of slander, racial slurs and derogatory images" that he allegedly sent to the "Harris County clerk staff, Justice Berg, Sheriff Ed Gonzalez and the Harris County District Attorney's office . . ." Apparently, this event arose out of a criminal case. *See* [Criminal Complaint; *The State of Texas v. Ronnie Hoyt Royston*, Cause No. 1747837010].

On or about January 2022, the plaintiff was arrested in the state of Louisiana and was held there in jail for 25 days prior to being transported to Harris County, Texas where he posted a $15,000 bond. The plaintiff, allegedly, missed his initial Court appearance and, as a result, the presiding judge, the defendant, ordered his bond revoked and then raised the bond from $15,000 to $200,000. Unable or unwilling to make bond, the plaintiff remained in Harris County jail until he was released after pleading guilty to the charge of making a "Terroristic Threat" on September 20, 2022.

### III.

The plaintiff initiated this Civil Rights suit in 2023, after pleading guilty to the criminal complaint that landed him in jail. He asserts that his federal rights under the Eighth and Fourteenth Amendments to the federal Constitution were violated. He also asserts claims under state law for violations of the Texas Constitution, the Code of Criminal Procedure and for negligence.

The defendants assert that the plaintiff has failed to assert a "plausible" claim against Harris County or the former judge – the defendants. The defendant judge asserts that he is entitled to absolute immunity because the plaintiff has not asserted facts showing that he acted outside his judicial authority – even assuming his verbal exchange with the plaintiff was unethical, or that he used coarse language. Moreover, the defendant asserts the revocation and setting of a bond are within his judicial capacity for which he cannot be held individually liable. Likewise, the judge asserts, there are no pleadings showing that he "abused the process" by engaging in conduct outside his judicial capacity, set an excessive bail that violated state law or the federal Constitution, *i.e.,* the Eighth Amendment, or committed a tort under state common law that subjects him to individual liability under the Texas Tort Claims Act. *See* [Tex. Civ. Prac. & Rem. Code Ann. § 101 *et. seq.*].

Harris County asserts that the plaintiff suit is barred by the *Monell, i.e.,* the municipality factors. Under § 1983, a claimant must assert specific facts that establish a plausible cause of action. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). In this regard, Harris County asserts that the plaintiff has failed to set out, with specificity, a policy, custom or practice that Harris County implemented that cause or permitted the judge to violate the plaintiff rights.

**IV.**

The Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), permit the dismissal of a claim or cause of action where the claimant either cannot, or has failed to state a legally sufficient factual basis for his lawsuit. While a short and plain statement of a claim is generally sufficient to overcome a motion to dismiss – FRCP, Rule 8(a)(2) – that principle does not hold where, as here, a judicial official or municipality is the subject of the Complaint. There must be some misconduct that is also unlawful, not merely unpleasant or harsh. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

The pleading and any supporting evidence fail to show that Judge Silverman acted outside his judicial authority. While his verbal attributes, allegedly, directed to the plaintiff were arguably "over-the-top", unpleasant and unnecessary, they nevertheless, do not constitute an act of tort or abuse of process for which individual liability might arise. Nor is there evidence that the revocation of the plaintiff's bond or the setting of a higher bond shown to be outside the judge's authority. Each of these acts, while adverse to the plaintiff interest, served to satisfy public interest and, from the plaintiff's perspective, could be appealed or reconsidered. There is no evidence that the plaintiff appeals the bond set by Judge Silverman; therefore, the Court holds that the plaintiff's claims against former Judge Silverman fail to state a claim that escapes judicial immunity.

Likewise, the plaintiff's claims against Harris County also fails. There is no evidence that Harris County has established or implemented a policy, practice or custom that violated the plaintiff's rights under the Eighth or Fourteenth Amendments to the federal Constitution, the Texas Constitution or the Texas Tort Claims Act. *See Monell*, 436 U.S. at 694. Nor is there evidence that Harris County waived its immunity for alleged negligent acts that fall outside the established parameters of the TTCA. *See Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). Hence, the Court holds that the plaintiff has failed to state a plausible claim against Harris County, Texas, and thus, his lawsuit against Harris County, Texas should be dismissed.

Pursuant to the foregoing discussion, the Court determines that the plaintiff's suit against both defendants, should be and is hereby Dismissed with prejudice.

It is so Ordered.

SIGNED on January 18, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge